**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BASANT SIDHU and SANJESH SINGH,

Plaintiffs - Appellants,

v.

S. GARCIA, Sheriff's Deputy; et al.,

Defendants - Appellees.

No. 10-17029

D.C. No. 2:09-cv-01090-LKK-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted November 17, 2011
San Francisco, California

Before: THOMAS, GOULD, and BYBEE, Circuit Judges.

Basant Sidhu and Sanjesh Singh appeal the summary judgment entered by

the district court against them. We affirm. Because the parties are familiar with

the history of the case, we need not recount it here.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court properly granted summary judgment on the Fourth Amendment claims, correctly concluding that the defendants were entitled to qualified immunity. In order to determine if qualified immunity applies, a two-part inquiry should be conducted: (1) did an officer's conduct violate a constitutional right; and (2) was the right which was violated clearly established at the time of the violation. *Espinosa v. City & Cty. of San Francisco*, 598 F.3d 528, 532 (9th Cir. 2010). If an officer did not violate a constitutional right, then that officer is entitled to qualified immunity. *Id.*

In this case, the district court correctly determined that the plaintiffs' constitutional rights were not violated. The warrantless search was justified by the emergency exception to the Fourth Amendment. The emergency exception is an extension of "police officers' community caretaking function" because it allows officers to respond to "emergency situations that threaten life or limb" in a timely manner. *Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009). To determine if the emergency exception applies, this court makes a fact-specific inquiry as to whether: "(1) considering the totality of the circumstances, law enforcement had an objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm; and (2) the search's scope and

manner were reasonable to meet the need." *United States v. Snipe,* 515 F.3d 947, 952 (9th Cir. 2008).

Here, the deputies had an objectively reasonable basis for concluding Singh's spouse was in imminent need of their assistance. She had written an email requesting police assistance and further indicating that she may have been being held against her will. The emails also suggested she may have been in danger of harm from herself or others. When the deputies arrived at the house, they observed the furtive figure of a person inside the house. However, no one answered their knock at the door or telephone calls. The totality of these circumstances justified the entry into the house under the emergency exception. The manner and the scope of the deputies' entry and search were also both reasonable. Given the lack of a constitutional violation, the district court properly granted summary judgment on the Fourth Amendment claims.

## II

The district court did not abuse its discretion in denying plaintiffs' motion for leave to amend their original complaint as untimely. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 878 (9th Cir. 2000).

**AFFIRMED.**